IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

NEVILLE TAYLOR, )
)
    Petitioner, ) CIVIL ACTION NO.: CV514-052
)
v. )
)
)
)
TRACY JOHNS, Warden, )
)
    Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Neville Taylor ("Taylor"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Taylor did not file a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Taylor was convicted in the Southern District of Florida, after he pled guilty to illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1324(a) & (b)(2). (Doc. No. 7-3, p. 6). Taylor has a tentative release date of April 23, 2015. (Doc. No. 1, p. 12).

The Osceola County, Florida, Circuit Court lodged a detainer against Taylor based on unresolved state drug charges. (Id.). Taylor contends, in this petition, that he filed a motion for a speedy trial in the Osceola County, Florida, court. Taylor requests

that this Court order the clerk of court for Osceola County, Florida, to answer his motion and to close his case.

Respondent asserts that Taylor failed to exhaust his available state court remedies prior to filing this cause of action, and his petition should be dismissed. In the alternative, Respondent asserts that she is not the proper Respondent and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

"The Supreme Court has . . . held that a petitioner under a detainer placed on the petitioner by a state [is] 'in custody' even though he [is] currently incarcerated pursuant to federal charges in a federal penitentiary and his state sentence had yet to begin." Ray v. Campbell, 284 F. App'x 773, 774–75 (11th Cir. 2008) (citing Maleng v. Cook, 490 U.S. 488, 493 (1989)). A "state's detainer ensure[s] that, at the conclusion of the prisoner's federal sentence, he [will] be returned to state authorities to begin serving his state sentence." Id. at 775.

"A state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus." Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). Two different statutes govern the single post-conviction remedy of the writ of habeas corpus, 28 U.S.C. §§ 2241 and 2254. "The difference between the statutes lies in the breadth of the situations to which they apply." Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004) (quoting Medberry, 351 F.3d at 1059). A writ of habeas corpus may issue to a prisoner pursuant to section 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom" section

2

2241(c)(3) applies. Thomas, 371 F.3d at 786. This section applies to "'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States." Id. (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." Thomas, 371 F.3d at 787.[1]

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Taylor is seeking to have this Court order a Florida state court to rule on a pending motion based on the detainer Osceola County, Florida, placed on him. Accordingly, his petition should be brought pursuant to section 2254. However, to do so, Taylor would have had to have exhausted his available state court remedies. Under

---

[1] Though it does not appear that Taylor has been convicted of the pending drug charges in Osceola County, Florida, the law applicable to § 2254 petitions is an appropriate tool in determining whether Taylor is entitled to his requested relief in this Court.

Florida law, filing a petition for writ of mandamus is appropriate to compel a trial court to rule on a motion or petition within a reasonable time. Deboles v. State, 960 So.2d 899, 900 (Fla. Dist. Ct. App. 2007). As Taylor has not shown that he exhausted his available state court remedies prior to the filing of this cause of action, his petition should be dismissed.

It is unnecessary to address the remaining grounds of Respondent's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Taylor's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 24th day of October, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)